UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

Case No.: 05-22590-Civ-Altonaga

vs.

**JOINT SCHEDULING REPORT**

ONE 1980 30' GO FAST VESSEL
REGISTERED AS FL 5342, EA
and INVENTORY,

    Defendant.

_____/

**NIGHT BOX FILED**

JAN 13 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

    Claimant, Enrique Herrera, by and through his undersigned counsel, together with Plaintiff, United States of America, through undersigned counsel, respectfully submit the following Joint Scheduling Report and Proposed Scheduling Order.

    These submissions are being made in furtherance of the requirements imposed by Rule 16.1.13 of the *Local Rules of the United States District Court of the Southern District of Florida* (hereinafter cited as "S.D.Fla.L.R.").

    To the extent practicable, this Scheduling Report and Proposed Scheduling Order that follows will adhere to the same format as that utilized in S.D.Fla.L.R. 16.1.13. Consequently, the items addressed herein will follow the same order as that set forth in SD.Fla.L.R. 16.1.13.7.

I.    SCHEDULING CONFERENCE

    On January 12, 2006, counsel for each of the parties participated by telephone and conducted a Scheduling Conference pursuant to S.D.Fla.L.R. 16.1 .B. During the course of the Conference, the participants endeavored to address each of the matters expressly set forth in S.D.Fla.L.R. 16.1.B. The result of these efforts, together with various agreements reached by the parties in pursuit of the same, are summarized below.

A.      Case Management Track

Pursuant to S.D.FLA.L.R. 16.1.A.4, the parties suggest that the case at bar be assigned to an Standard Track, within the meaning of S.D.Fla.L.R. 16.1.A.2(a). Accordingly, Claimant and Plaintiff are of the opinion that the trial of this case will require four (4) days, and that discovery should be completed within one-hundred fifty (150) days from the date of entry of the Scheduling Order.

B.      Initial Disclosures: Documents and Other Evidence

Pursuant to S.D.Fla.L.R. 16.1.B.1 and 26.1.A, the parties have made initial disclosure satisfactory to each party.

C.      Discussion Re: Discovery Plan

Pursuant to S.D.Fla.L.R. 16.1.B.2 & 7(a), the parties agreements and disagreements on an overall discovery plan, including a schedule for all discovery in the subject civil action, are delineated in the Scheduling Report and Proposed Scheduling Order in the sections that follow.

D.      Initial Disclosure: Lists of Witnesses

Pursuant to S.D.Fla.L.R. 16.1.B.4, potential witnesses have been exchanged between the parties.

E.      Settlement

Pursuant to S.D.Fla.L.R. 16.1$^{B.5}$ & 7(b), settlement issues were discussed during the course of the Scheduling Conference. During these discussions, it was agreed that, notwithstanding the commencement of more formal discovery and litigation activity, the parties will contemporaneously pursue settlement efforts in an attempt at reaching an overall settlement of this civil action.

F.  Complex Litigation

The parties are agreed that the case at bar is not sufficiently complicated such that all or part of the procedure of the Manual on Complex Litigation should be used.

**II. SCHEDULING REPORT**

A.  Schedule of Discovery (S.D.Fla.L.R. 16. I.B.7(a))

1.  The parties believe that all discovery should be completed within approximately one hundred fifty (150) days of the date of entry of the Scheduling Order. The parties also suggest that no party should be permitted to extend the proposed discovery cut-off that requires a response at a time falling outside the discovery cut-off date. The parties further suggest that discovery that is subject of a timely filed motion to compel or motion for a protective order should be exempt from the aforementioned time limitations.

2.  As set forth earlier herein, the parties, have made an exchange of potential witness lists. To the extent practical, these witness lists contained current addresses or provide for notification through counsel for purposes of production of witnesses at deposition.

B.  Likelihood of Settlement (S.D.Fla.L.R. 16.1 .B.7(b))

The parties agree to discuss settlement and are discussing settlement but no settlement is likely at this time.

C.  Additional Parties (S.D.Fla.L.R. 16.1.B.7(c))

Based on the outcome of discovery, Plaintiffs want to reserve the right to move to amend the complaint to add additional parties and will do so within 30 days of the cut-off of discovery. If additional parties are added, then the parties want to reserve the right to adjust the discovery schedule proposed herein.

    D.    <u>Proposed Limits on Time</u> (S.D.Fla.L.R. 16.1.B.7(d))

        1.    <u>Joinder of Additional Parties</u> - Notwithstanding the positions set forth above, the parties suggest that no party should seek the joinder of additional parties to this civil action subsequent to thirty (30) days from the cut-off of discovery.

        2.    <u>Amendments to Pleading</u> - The parties suggest that no party should seek an amendment to any pleading, apart from permissible amendments to conform the pleading to the proof, subsequent to thirty (30) days after the cut-off of discovery.

        3.    <u>Submission of Motions</u> - The parties suggest that all pre-trial motions should be served within forty-five (45) days after the cut-off of discovery.

        4.    <u>Discovery Cutoff</u> - The parties suggest that all discovery be terminated on or before the passage of one hundred fifty days (150) days from the date of the entry of the Scheduling Order.

    E.    <u>Simplification of Issues</u> (S.D.Fla.L.R. 16.1.B.7(e)) The parties have agreed to use their best efforts to generate proposals designed to simplify issues and eliminate frivolous claims or defenses.

    E.    <u>Pleading Amendments</u> (S.D.Fla.L.R. 16.1.B.7(f))

The likelihood of amendments to the pleading, is, at this present time, unknown pending further discovery.

    F.    <u>Admissions & Stipulations</u> (S.D.Fla.L.R. 16.1.B.7(g))

The parties have agreed to seriously consider appropriate stipulations concerning authenticity with regard to documents and other physical evidence.

G. **Unnecessary Proof** (S.D.Fla.L.R. 16.1.B.7(h))

The parties presently have no suggestions concerning the advisability of the avoidance of unnecessary proof and cumulative evidence, but will cooperate with one another to eliminate the same to the greatest extent possible.

H. **Reference to Magistrate** (S.D.Fla.L.R. 16.1.B.7(i))

The parties have no objection to reference of discovery matters to a Magistrate Judge for Report and Recommendation.

I. **Estimated Trial Time** (S.D.Fla.L.R.16.1.B.7(j))

The parties estimated time required for trial, with allowance for reasonable stipulation activity and reasonable narrowing of issues, to be approximately four (4) days.

J. **Schedule Hearing & Trial** (S.D.Fla.L.R. 16.1.B.7(k))

The parties presently are unable to request specific dates for conferences until more progress is made in the motion practice and discovery process. The parties suggest that a final pretrial conference be set no sooner than thirty days (30) days after the cut-off of discovery with trial no sooner than sixty (60) days after the cut-off of discovery.

Respectfully submitted by,

For Claimant:

THE LAW OFFICES OF STEVEN E. AMSTER
STEVEN E. AMSTER, ESQUIRE
100 North Biscayne Blvd.
Suite 1100
Miami, Florida 33132
Tel: (305) 371-2455

By: _____
Steven E. Amster, Esquire

For Plaintiff:

AUSA KAREN E. MOORE
United States Attorney's Office
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Tel: (305) 961-9081

By: _____
AUSA Karen E. Moore